# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HOLMON, #B80093, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00514-MJR |
| | ) |
| HOLLY HAWKINS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

Plaintiff John Holmon, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against the prison's nursing director, Holly Hawkins. (Doc. 1). Plaintiff claims that the prison's medical staff refused to dispense his prescription medication for high blood pressure in December 2017 and January 2018. (Doc. 1, p. 5). When Plaintiff asked Nursing Director Hawkins to intervene, she allegedly ignored his request. *Id*. He now brings this civil rights action against the nursing director. *Id*. Plaintiff seeks monetary damages against this defendant and termination of her employment at the prison. (Doc. 1, p. 6).

This case is now before the Court for preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

## **Complaint**

According to the allegations in the Complaint, Plaintiff requires prescription medication for hypertension. (Doc. 1, p. 5). In December 2017, the medical staff at Menard stopped administering Plaintiff's medication to him. *Id*. For more than a month, he went without it. *Id*. During this same time period, Plaintiff suffered from intense headaches and frequent nosebleeds. *Id*.

Plaintiff wrote a number of grievances to the prison's nursing director, Holly Hawkins. (Doc. 1, p. 5). He informed her that the medical staff refused to dispense his prescription medication. *Id*. Plaintiff also complained about his related headaches and nosebleeds. *Id*. He requested the nursing director's assistance in obtaining his medication. *Id*. Plaintiff alleges that Nursing Director Hawkins ignored his requests for more than a month. *Id*. As a result, he suffered unnecessarily. *Id*.

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

> **Count 1** - Eighth Amendment deliberate indifference to medical needs claim against Nursing Director Hawkins for refusing to intervene and assist Plaintiff in obtaining prescription refills of his blood pressure medication at Menard in December 2017 and January 2018.
>
> **Count 2 -** Fourteenth Amendment due process claim against Nursing Director Hawkins for mishandling Plaintiff's grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1**

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. It safeguards inmates against a lack of medical care which may result in pain and suffering that serves no penological purpose. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). An Eighth Amendment claim based on the denial of adequate medical care consists of an objective and a subjective element. To satisfy the objective element, the plaintiff must show that he suffered from a medical condition that is "objectively, sufficiently serious." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). To satisfy the subjective element, he must demonstrate that the defendant acted with a sufficiently culpable state of mind, which is deliberate indifference in this context. *Greeno*, 414 F.3d at 653. When evaluating

claims brought by *pro se* prisoners, the Court is required to construe the allegations in the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

The Court finds that the allegations in the Complaint satisfy the objective component of this claim for screening purposes. A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or the need for treatment would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Plaintiff alleges that he was required to take prescription medication to control his hypertension. A medical professional presumably diagnosed the condition and also prescribed the treatment for it. Plaintiff's hypertension is therefore considered objectively serious. *Id.*

Plaintiff further alleges that the failure to treat his hypertension for at least a month resulted in headaches and nosebleeds. Whether these symptoms were also objectively serious remains to be seen. The Seventh Circuit has recognized that prolonged and unnecessary pain may support an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (condition is objectively serious if the "failure to treat it could result in further significant injury or unnecessary and wanton infliction of pain"). At the same time, the Court has also questioned whether a short disruption in blood pressure medication that results in headaches, nosebleeds, and elevated blood pressure supports a claim. *See, e.g., Jackson v. Pollion*, 733 F.3d 786, 788 (7th Cir. 2013) (acknowledging that hypertension is a serious medical condition because of its long-term consequences but questioning whether a mild short-term elevation in blood pressure resulting from the denial of medication for three weeks amounted to a serious medical condition). The answer to this question turns on a number of factors not

4

available to the Court at this time, such as the seriousness of Plaintiff's hypertension, the actual changes in his blood pressure, his age, and his general health during the relevant time period, among other things. For now, the Court finds that Plaintiff's medical condition and symptoms support his claim in Count 1.

To proceed with this claim, the Complaint must also satisfy the subjective element. In order to do so, the allegations must suggest that the defendant exhibited deliberate indifference to Plaintiff's medical condition. Deliberate indifference is shown when prison officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This standard requires more than negligence; it approaches intentional wrongdoing. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution.").

The only defendant named in this action is a supervisory official. A § 1983 plaintiff cannot rely on a theory of *respondeat superior*, or supervisory liability, when bringing a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He must set forth allegations suggesting that the government official realized a substantial risk of serious harm to the prisoner existed but still disregarded the risk. *Farmer*, 511 U.S. at 837. Plaintiff's written grievance to Nursing Director Hawkins may provide sufficient knowledge of a constitutional deprivation to support a deliberate indifference claim. *See Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). The Complaint suggests that Nursing Director Hawkins was made aware of Plaintiff's hypertension, his need for prescription medication, the denial of medication, and his resulting symptoms, but still failed to

5

address the denial of medical care by prison staff for at least 30 days. (Doc. 1, p. 5). Delays in treatment caused by a prison administrator may constitute deliberate indifference, particularly where the delay "exacerbates the inmate's injury or unnecessarily prolong[s] his pain." *Perez*, 792 F.3d at 781; *McGowan*, 612 F.3d at 641. Given the allegations of frequent headaches and nosebleeds during this time period, the Court cannot dismiss Count 1 against Nursing Director Hawkins. This claim shall receive further review.

### Count 2

The Complaint does not support an independent Fourteenth Amendment due process claim against the nursing director, based on her alleged failure to respond to Plaintiff's grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Count 2 shall therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **HOLLY HAWKINS**.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a

claim upon which relief may be granted.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **HOLLY HAWKINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 29, 2018**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**